# WEYERHAEUSER CO. *v.* STATE TAX COMMISSION

Joyle C. Dahl, Portland, argued the cause and submitted a brief for plaintiff.

Theodore W. deLooze, Assistant Attorney General, Salem, argued the cause and submitted a brief for defendant.

Decision for defendant rendered November 24, 1965.

EDWARD H. HOWELL, Judge.

This is a suit for refund of personal property taxes paid by plaintiff for the tax years 1963-64 and 1964-65.

Plaintiff cut logs from timber grown in the State of Washington. The logs were assembled into log rafts in Wahkiakum County, Washington, and towed to storage areas on the Columbia River in Washington

County, Oregon. As they were needed by plaintiff the logs would be towed from Columbia County to plaintiff's mill at Longview, Washington, where they were manufactured into wood products and sold in the ordinary course of plaintiff's business.

The plaintiff claims the logs were exempt from personal property taxation by the county assessor as they were in transit under the provisions of the free port act, ORS 307.810 to 307.840. ORS 307.810(1) states:

"307.810. Exemption of personal property in transit (free port). (1) Personal property in transit through this state is goods, wares and merchandise destined for sale in the ordinary course of trade or business, manufactured or produced outside the state and brought into the state for transshipment to an out-of-state destination (other than the county of origin), while being so shipped or while held in public or private storage awaiting further shipment. Such property is deemed to have acquired no situs in Oregon for purposes of taxation. Such property shall not be deprived of exemption because while in the warehouse the property is assembled, bound, joined, disassembled, divided, cut, broken in bulk, labeled, packaged, relabeled or repackaged. The exemption granted shall be liberally construed to effect the purposes of ORS 307.810 to 307.990."

The only issue under the facts and the above statute is whether plaintiff's logs are "goods, wares and merchandise destined for sale in the ordinary course of trade or business."

The Oregon free port statute was enacted in 1959. Many other states have passed similar laws. Counsel have been unable to cite any cases interpreting the free port statutes.

The logs as such were not destined for sale in the

ordinary course of business. In fact, the logs were not sold or for sale. They were destined for manufacture into wood products and such products were to be sold in the regular course of business. The sale was the end product after the logs had been manufactured.

■ This court agrees with the defendant that had the legislature intended to exempt goods, wares and merchandise held for manufacture in another state as well as for sale in another state, it could have added the words "or manufacture" to the statute. In that case the statute would have exempted "goods, wares and merchandise destined for sale or manufacture" in another state.

■ It is true that the statute requires a liberal construction of the exemption. However, in this court's opinion the logs which are the subject of the personal property tax were not goods, wares and merchandise destined for sale in the ordinary course of business within the meaning of the free port statute.